UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANGEL MALDONADO, 03-R-2519,

        Plaintiff,

    -v-

BRIAN FISCHER, Commissioner New York State
Department of Correctional Services,
ANDREA EVANS, Chairwoman CEO
New York State Division of Parole,
and GRANT SCRIVEN, Bureau Chief,
New York State Division of Parole,

        Defendants.

---

11-CV-1091Sr
ORDER



## **INTRODUCTION**

Plaintiff, Angel Maldonado, has commenced this action *pro se* (Docket No. 1), and has moved for permission to proceed *in forma pauperis*, and has filed a Signed Authorization (Docket No. 2). Subsequent to filing the complaint, plaintiff filed motions for preliminary injunctive relief (Docket No.3), and for the appointment of counsel (Docket No.4). The Court grants the Plaintiff leave to proceed as a poor person and, for the reasons set forth below, determines that several of the claims set forth in the complaint must be dismissed  pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and that his applications for preliminary injunctive relief and for the appointment of counsel must be denied.

## STANDARD OF REVIEW

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson,* 551 U.S. at 94 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal " 'unless the court can rule out any possibility, however unlikely it might

be, that an amended complaint would succeed in stating a claim.' " *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

## PLAINTIFF'S ALLEGATIONS

Plaintiff's claims against the defendants–the Commissioner of the New York State Department of Corrections and two officials of the Division of Parole– stem from the conditions of parole from a New York State conviction, which was granted in May, 2009. Plaintiff states that he is on parole from 2003 convictions for fraud, grand larceny, petit larceny, compounding a crime, harassment, tampering with physical evidence, bribing a witness and criminal impersonation. Plaintiff alleges that upon his release on parole he was given a series of special conditions that are given to sex offenders, conditions which were renewed after plaintiff's subsequent release from prison following incarceration for parole violations in February and September, 2010, despite the fact that none of his 2003 convictions constituted or related to a sex offense. Plaintiff states that what he refers to as the "sex offender conditions" of his parole ( (Docket No. 1, p. 8, ¶ 7) were imposed on him because of a prior 1997 conviction for sexual misconduct, pursuant to § 130.20(2) of

3

the New York State Penal Law, for which he was sentenced to three years probation in March 1997 and from which he was discharged in March, 1999. He further alleges that it was never recommended nor ordered by the Court at the time of his 1997 sentencing on the sexual misconduct conviction that he attend sex offender counseling or that he register under the state Sex Offender Registration Act (SORA), N.Y. Corr. Law § 168 *et seq.* He states that at the time of his 1997 conviction, the definition of "sex offense" found in SORA did not include the offense of sexual misconduct under N.Y. Penal Law § 130.20(2). However, in 2002, § 168-a of the Correction Law was amended to include sexual misconduct under N.Y. Penal Law § 130.20(2), thereby making anyone convicted of sexual misconduct susceptible to being labeled a sex offender and thereby subjected to SORA. Plaintiff therefore alleges that fourteen years after his conviction for sexual misconduct, the Division of Parole determined that he should be "labeled a sex offender based on the definition pursuant to Correction Law § 168-a and therefore [be supervised] as a sex offender case." (Docket No. 1, p. 9, ¶ 10).

It is not clear whether plaintiff is alleging that all of the "sex offender conditions" of parole were attributable to his having been determined to be a sex offender within the meaning of SORA, or whether some of the conditions to which he objects were attached to his parole as ordinary conditions of parole to be applied by the Division of Parole at its discretion.

Plaintiff argues that the retroactive reclassification of his 1997 sexual misconduct conviction as a sex offense, and the corresponding imposition of sex offender conditions to his parole on his 2003 conviction (1) violates the Ex Post Facto Clause of the Constitution, U.S. Const. art. I, § 9, cl. 3, (2) deprives him of due process under the

4

Fourteenth Amendment, and (3) constitutes cruel and unusual punishment within the meaning of the Eighth Amendment. Plaintiff's complaint seeks injunctive relief, *i.e.*, that the Court direct that all sex offender conditions be removed from the conditions of his parole. Each of the three bases asserted by plaintiff will be treated as a separate claim below.

## DISCUSSION

Parole is an "established variation on imprisonment of convicted criminals," *Morrissey v. Brewer*, 408 U.S 471, 477, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), which is part of a " 'continuum' of state-imposed punishments." *Samson v. California*, 547 U.S. 843, 850, 126 S. Ct. 2193, 165 L. Ed. 2d 250 (2006) (citing *United States v. Knights*, 534 U.S. 112, 119, 122 S. Ct. 587, 151 L. Ed. 2d 497 (2001)). "[T]he practice of releasing prisoners on parole before the end of their sentences has become an integral part of the penological system." *Morrissey*, 408 U.S. at 477 (citation omitted). The twofold purpose behind parole is "to help individuals reintegrate into society as constructive individuals as soon as they are able ... [while] alleviat[ing] the costs to society of keeping an individual in prison." *Id.*

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). "The essence of parole is release from prison, before the completion of sentence, *on the condition that the prisoner abide by certain rules during the balance of the sentence.*" *Morrissey*, 408 U.S. at 477 (emphasis added). To ensure the security and effectiveness of release, "those who are allowed to leave prison early are subjected to specified conditions for the duration

of their terms ... [which] restrict their activities substantially beyond the ordinary restrictions imposed by law on an individual citizen." *Id.* at 478. "The enforcement leverage that supports the parole conditions derives from the authority to return the parolee to prison to serve out the balance of his sentence if he fails to abide by the rules." *Id.* at 478-79.

As a general matter, it is well-established that "the [New York] Parole Board's discretionary imposition of special conditions is not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary and capricious manner. Review of conditions of parole are generally matters for state courts." *Walker v. Mattingly*, 09-CV-845-JTC, 2012 U.S. Dist, LEXIS 48547, at *18 (W.D.N.Y. Apr. 5, 2012) (internal quotation and citations omitted). Moreover, as explained below, the courts in the Second Circuit have addressed and generally rejected constitutional objections to the application of the provisions of SORA to parolees, including the objections asserted by plaintiff.

### Ex Post Facto Clause and Eighth Amendment Claims

Article I, § 9 of the Constitution prohibits the States from passing any laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Collins v. Youngblood*, 497 U.S. 37, 41, 110 S. Ct. 2715, 111 L. Ed. 2d 30 (1990). The Ex Post Facto Clause of the Constitution "applies only to penal statutes which disadvantage the offender affected by them." *Id.* (emphasis added). In *Doe v. Pataki*, 120 F.3d 1263, 1284-1285 (2d Cir. 1997), the Second Circuit held that the SORA's registration and community notification provisions were not "punishments" within the meaning of the Ex Post Facto Clause. *See also Smith v. Doe,* 538 U.S. 84, 105-06, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003) (holding that retroactive application of Alaska's sex offender registry

6

statute did not violate the Ex Post Facto clause). *Accord, e.g., Manzullo v. New York,* No. 07 CV 744(SJF), 2010 U.S. Dist. LEXIS 32089, at *22 (E.D.N.Y. Mar. 29, 2010) (denying habeas relief to petitioner claiming that both the registration and notification provisions of the SORA constitute punishment for purposes of the Ex Post Facto clause)(citations omitted). Accordingly, to the extent that plaintiff is challenging any conditions of parole which were attributable to his having been determined to be subject to SORA, his allegations fail to state a claim that the imposition of the conditions violated the Ex Post Facto Clause or, by parity of reasoning, the Eighth Amendment's proscription of cruel and unusual punishments.

To the extent that the sex offender conditions of parole to which plaintiff objects were or may have been imposed not incident to SORA but rather as special conditions of release falling within the range of conditions that the Division of Parole customarily imposes, *see M.G. v. Travis,* 236 A.D.2d 163, 167-68 (N.Y. App. Div. 1st Dep't 1997) (discussing discretionary authority of New York State Division of Parole to impose special conditions of release), the Court likewise determines that such conditions do not constitute cruel and unusual punishment within the meaning of the Eighth Amendment or the Ex Post Facto Clause. *See Blake v. Fischer,* 09-CV-266, 2010 U.S. Dist. LEXIS 68224, at *29 (N.D.N.Y. May 5, 2010) (rejecting claim that placement in sex offender training programs or setting special conditions of parole amounted to an infliction of cruel and unusual punishment); *Robinson v. N. Y. State,* 09-CV-455, 2010 U.S. Dist. LEXIS 144553, at *19-20 (rejecting Eighth Amendment objections to prerelease and special conditions of parole). Accordingly, the Court concludes that plaintiff's objections to the special conditions of

parole to which he was subjected do not constitute punishment and thus fail to state a claim under the Eighth Amendment or the Ex Post Facto Clause.

Due Process Claims

"To award damages under 42 U.S.C. § 1983 for an alleged violation of procedural due process, a court must find that, as the result of conduct performed under color of state law, the plaintiff was deprived of life, liberty, or property without due process of law." *Bedoya v. Coughlin*, 91 F.3d 349, 351 (2d Cir. 1996). There is no dispute in this case that the defendants acted under color of state law. "What remains is a two-pronged inquiry: (1) whether the plaintiff had a protected liberty interest ... and, if so, (2) whether the deprivation of that liberty interest occurred without due process of law." *Id.* at 351-52 (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989)). The courts have also consistently held that a parolee has no constitutionally protected interest in being free from special conditions of release. *Boddie v. Chung*, 2011 U.S. Dist. LEXIS 48256, at *4-5 (E.D.N.Y. May 4, 2011) (rejecting section 1983 challenge to special conditions); *Cooper v. Dennison*, 08-CV-6238, 2011 U.S. Dist. LEXIS 31221, at *32 (W.D.N.Y. Mar. 24, 2011) (quoting *Pena v. Travis*, 01-CV-85342002 U.S. Dist. LEXIS 24709 (S.D.N.Y. Dec. 27, 2002) ("Because the imposition of special conditions is left to the discretion of the Board of Parole and parole officers, plaintiff does not have a protected liberty interest in being free from special conditions.")); *see also* 9 N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R."), tit. 9, § 8003.3 ("A special condition may be imposed upon a releasee either prior or subsequent to release. The releasee shall be provided with a written copy of each special condition imposed. Each special condition may be imposed

by a member or members of the Board of Parole, an authorized representative of the Division of Parole, or a parole officer."). In addition, "the Parole Board's discretionary imposition of special conditions is not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary and capricious manner. Review of conditions of parole are generally matters for state courts." *Walker v. Mattingly*, 09-CV-845-JTC, 2012 U.S. Dist. LEXIS 48547, at *18 (W.D.N.Y. Apr. 5, 2012) (internal quotation and citation omitted). "However, where the condition is not related to the parolee's criminal history or to the State's interests, it may be prone to tailoring or invalidation." *Robinson*, 2010 U.S. Dist. LEXIS 144553, at *23 (citing cases invalidating conditions of parole not reasonably related to parolee's offense).

Accordingly, to the extent that plaintiff is alleging a protected liberty interest to be free from the special conditions of parole to which he objects, such an "interest" is not protected and is therefore not a sufficient basis for a Fourteenth Amendment due process violation. *See McCloud v. Kane*, 491 F. Supp.2d 312, 317 (E.D.N.Y. 2007). However, liberally construing the complaint as the Court is obligated to do, the Court concludes that Maldonado's allegations concerning the restrictions and resulting hardships that the conditions imposed on him have had (*see* Docket No. 1, p. 10, ¶ 20 [enumerating restrictions upon plaintiff's relationship with his family allegedly caused by conditions of parole]) "sufficiently allege[ ] a due process claim regarding the *substance* of the special conditions at issue here and the basis for their imposition." *Robinson*, 2010 U.S. Dist. LEXIS 144, at *26 (citing *Boddie v. N.Y. State Div. of Parole*, 285 F. Supp.2d 421, 428-29 (S.D.N.Y. 2003)) (emphasis in quotation added). Accordingly, at this early stage of the

proceeding, the Court will allow plaintiff's due process claim against the defendants to go forward, to the extent that it can be construed as objecting to the *substance*, *i.e.*, the nature and extent of, the conditions imposed upon him and their relation to his offenses.

## PLAINTIFF'S MOTIONS

Preliminary Injunctive Relief

Plaintiff requests preliminary injunctive relief with respect to the sexual offender-related conditions that have been included in his conditions of parole. (Docket No. 3). While acknowledging that he was incarcerated for a parole violation at the time he filed the motion (*Id.*, p. 2, ¶ 6), he maintains that a temporary restraining order is appropriate because he "risks being violated for one of the unconstitutional conditions imposed upon him once released." (*Id.*, p. 6, ¶ 32).

A party seeking a preliminary injunction must demonstrate "(1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief." *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir. 1991)); *PSC, Inc. v. Reiss*, 111 F. Supp. 2d 252, 254 (W.D.N.Y. 2000). The " 'serious questions' prong is also frequently termed the 'fair ground for litigation' standard." *N.A.A.C.P., Inc. v. Town East Haven*, 70 F.3d at 223.

Here, the Court determines that plaintiff satisfies neither prong of the preliminary injunction standard. As noted, plaintiff was incarcerated at the time he filed the motion seeking preliminary injunctive relief and he remains incarcerated, and therefore is not presently subject to the conditions of parole that he seeks to have the Court enjoin.

10

Moreover, while the Court is allowing his due process claim against defendants to proceed, plaintiff has not, at this juncture, demonstrated sufficient likelihood of success on the merits of his complaint, or "sufficiently serious questions going to the merits" and a balance of hardships in his favor to warrant the granting of his request for a temporary restraining order. Plaintiff's motion for preliminary injunctive relief is therefore denied.

Appointment of Counsel

Plaintiff has also moved for the appointment of counsel (Docket No. 4). A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

## CONCLUSION AND ORDER

In accordance with the foregoing,

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is granted;

FURTHER, that plaintiff's motion for preliminary injunctive relief (Docket No. 3) is denied;

FURTHER, that plaintiff's motion for the appointment of counsel (Docket No. 4) is denied without prejudice;

FURTHER, that plaintiff's Ex Post Facto Clause claims against the defendants are dismissed with prejudice;

11

FURTHER, that plaintiff's Eighth Amendment claims against the defendants are dismissed with prejudice;

FURTHER, that plaintiff's Due Process claims against the defendants which seek to challenge the substance of the conditions of parole imposed upon plaintiff may go forward;

FURTHER, the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint and this Order upon the defendants without plaintiff's payment therefore, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the Complaint.

SO ORDERED.

_____
JOHN T. CURTIN
United States District Judge

DATED:     9/21      , 2012
          Buffalo, New York