**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**ANGEL MALDONADO, 03-R-2519,**

                                **Plaintiff,**

          **-v-**                                                    **11-CV-1091Sr**

**BRIAN FISCHER, Commissioner,**
**New York State Department of**
**Correctional Services & Community**
**Supervision ("NYSDOCCS"),**

**ANDREA W. EVANS, Chairwoman & CEO,**
**New York State Division of Parole,**

**and**

**GRANT SCRIVEN, Bureau Chief,**
**New York State Division of Parole,**

                                **Defendants.**

_____


## DECISION AND ORDER

          Pursuant to 28 U.S.C. § 636(c), the parties have consented to the

assignment of this case to the undersigned to conduct all proceedings in this case,

including the entry of final judgment.  Dkt. #15.


## Procedural Background

          Plaintiff commenced this action, _pro se_, pursuant to 42 U.S.C. § 1983,

seeking to enjoin defendants from continuing to impose sex offender conditions to his

parole.  Dkt. #1.  Upon review pursuant to 28 U.S.C. § 1915, plaintiff's due process

claim challenging the substance, _i.e._, the nature and extent, of the conditions of parole

imposed upon plaintiff were allowed to proceed.  Dkt. #5.  Specifically, the Court

concluded that plaintiff's

> allegations concerning the restrictions and resulting
> hardships that the conditions imposed on him have had (see
> Docket No. 1, p.10, ¶ 20 [enumerating restrictions upon
> plaintiff's relationship with his family allegedly caused by
> conditions of parole]) "sufficiently allege[] a due process
> claim regarding the *substance* of the special conditions at
> issue here and the basis for their imposition."

Dkt. #5, p.9, *quoting Robinson v. New York*, 09-cv-455, 2010 U.S. Dist. LEXIS 144553,

at *26 (N.D.N.Y. March 26, 2010)(emphasis added), *citing Boddie v. New York State

Div. of Parole*, 285 F. Supp.2d 421, 428-20 (S.D.N.Y. 2003).  In *Boddie*, the court

determined that plaintiff's liberty interest was "limited to not being denied parole for

arbitrary or impermissible reasons."  285 F. Supp.2d at 428.  "Thus, the imposition of

conditions – whether imposed prior to or subsequent to release, by the parole board or

a field parole officer – must be upheld as long as they are reasonably related to a

parolee's past conduct, are not arbitrary and capricious, and are designed to deter

recidivism and prevent further offenses.  *Robinson*, 2010 U.S. Dist. LEXIS 144553, at

*14.

        Defendants move to dismiss plaintiff's complaint for lack of subject matter

jurisdiction on the grounds of mootness following plaintiff's recent conviction of third

degree grand larceny, resulting in an indeterminate sentence of 3½  to 7 years

incarceration. Dkt. #9.  Plaintiff opposes the motion on the ground that he is likely to be

subjected to the same conditions of release when he is paroled on his most recent

conviction.  Dkt. #16.

Plaintiff moved to amend his complaint to assert his claims against the defendants in their individual capacities and to seek monetary damages as well as injunctive relief.  Dkt. ##11 & 13.  Plaintiff also seeks to add a substantive due process claim and a cause of action alleging violation of his first amendment rights to free association.  Dkt. ##11 &13.

Defendants move to dismiss plaintiff's amended complaint to the extent it seeks injunctive relief on the grounds of mootness and to dismiss plaintiff's claims for monetary damages for failure to allege the personal involvement of any defendant; failure to state a plausible substantive due process or right to association claim; and immunity.  Dkt. #17.

In response, plaintiff seeks to amend his complaint to add Parole Officer Susanna Mattingly as a defendant in this action.  Dkt. #24.  Plaintiff claims that he was unaware of Parole Officer Mattingly's involvement in the imposition of the special conditions he is challenging until he received discovery from defendants in another action pending in this district, 11-CV-717, on February 18, 2013.  Dkt. #24.

Defendants oppose plaintiff's request to add Susanna Mattingly as a defendant on the ground that plaintiff failed to attach a proposed amended pleading to his request and on the ground that plaintiff failed to include Ms. Mattingly in his prior motion to amend despite his prior knowledge of her involvement.  Dkt. #27.

Factual Background

Plaintiff pled guilty to a misdemeanor charge of sexual misconduct

pursuant to N.Y. Penal Law  § 130.20(2) and was sentenced to three years of probation

on July 8, 1997.  Dkt. #1 & Dkt. #25, p.16.  Plaintiff's probation was discharged on

March 16, 1999.  Dkt. #1, ¶ 8.


In 2002, the New York State Legislature amended New York's Penal Law

to include a conviction under Penal Law § 130.20 within the definition of a sex offense,

thereby triggering the requirements of New York's Sex Offender Registration Act.  *2002*

*Sess. Law News of N.Y. Ch. 11* (S. 6263-A) (McKinney's).


On April 25, 2003, plaintiff was found guilty of 1st degree scheme to

defraud, 3rd degree grand larceny, attempted petit larceny, compounding a crime, 2nd

degree harassment, tampering with physical evidence, bribing a witness, criminal

impersonation, aggravated harassment and 2nd degree bail jumping.  Dkt. #1, ¶ 2 &

pp.29-32.  Plaintiff was released on parole on May 28, 2009 after serving approximately

six years in prison.  Dkt. #1, ¶ 4.  Plaintiff's period of supervision extends to July 31,

2017.  Dkt. #1, p.11.


Plaintiff objects to the following conditions of parole, commonly referred to

as sex offender conditions:

> 8.  I will attend, participate in and complete sex offender
>     counseling/treatment as directed by the Parole
>     Officer.

10.   I will comply with all case specific sex offender conditions to be imposed by the Parole Officer.

16.   I will participate in the Division of Parole's polygraph program as directed by my Parole Officer. . . .

17.   I will not use or possess any medications or supplements designed or intended for the purpose of enhancing sexual performance or treating erectile dysfunction without the written permission of my Parole Officer and the approval of his/her Area Supervisor.

26.   I will notify my Parole Officer when I establish a significant relationship and will inform the other party of my prior criminal offenses or current offenses which relate to sexually offending behavior.

28.   I will not call any sexually explicit telephone services & will submit copies of telephone bills to the Parole Officer upon request.

29.   I will not purchase, view or be in possession of any pornographic materials or content, including but not limited to: erotic magazines, video tapes/DVDs, photographs, x-rated films, television programs and pay per-view programs. . . .

30.   I will not have any premium channels on any of the televisions that I have access to in my residence. Such premium channels include but are not limited to, The Movie Channel, Showtime, Cinemax and HBO.

31.   I will not purchase, use or possess a computer, camera, video cameras, related photography equipment, VCR player/recorder or DVD player/recorder without the prior knowledge and permission of my Parole Officer.

32.   I will not frequent areas of pornographic activity including but not limited to adult video/book stores, sex shops, massage parlors and topless bars.

33.  I will not use, participate in or gain access to any online computer service or internet service provider.

34.  I will not enter or be within 25 yards of places where any person under the age of 18 may congregate without prior approval from my Parole Officer.  This includes but is not limited to schools, playgrounds, video arcades, sports fields, shopping malls and movie theaters.

35.  I will not have children's toys, video games, video tapes, DVDs or excessive amounts of candy in my possession without the prior knowledge and permission of my Parole Officer.

Dkt. #1, pp.11-15 & 24.


By letter dated October 22, 2009, Dominic A. Dispenza, LCSW-R,

completed a sexual offender evaluation and risk assessment of plaintiff and determined

that plaintiff

displayed symptoms of an antisocial personality disorder. He was deceitful, took no responsibility for his behaviors, showed no remorse, and completely lacked empathy. Furthermore, he has demonstrated impulsivity, aggressiveness, and a reckless disregard for the safety of others and himself.

2. Mr. Maldonado claimed that he does not have a sex offense problem and denied the possibility of relapse.  He denied he committed a sexual offense and claimed to this evaluator that he had married his victim in Puerto Rico prior to his conviction and she had their child when she was 17 years old.  Mr. Maldonado is reported to have told his probation officer that he did not marry this victim until after he had been convicted of his offense against her.

* * *

4. Mr. Maldonado demonstrated that he is not amenable to sexual offender treatment.  He displayed evasiveness, a superficial manner, hostility, and a lack of cooperation during this evaluation.  Furthermore, he was previously expelled from another sex offender treatment program and appears to have tried to hide that fact during this evaluation.

Dkt. #25, p.27.  Plaintiff's special conditions of release were renewed upon plaintiff's

release from incarceration following violations of the terms of his parole on February 24,

2010 and September 29, 2010.  Dkt. #1, ¶ 6.

By letters dated September 16, 2011 and October 31, 2011, Grant

Scriven, Bureau Chief for NYSDOCCS and  Angela B. Jiminez, Deputy Commissioner

of NYSDOCCS advised plaintiff that

Commissioner Fischer has asked me to respond to your letter to him regarding your Parole supervision.  In your letter you indicate that you are trying to get help and referenced your three violations of the conditions of your release since May of 2009.

You have adamantly expressed opposition to being supervised as a sex offender and your sex offender conditions of release.  It should be noted that those conditions were imposed by the Board of Parole due to your conviction of Sexual Misconduct in 1996 as reduced from original charges of Rape, 3rd Degree, and due to your guilty plea.

* * *

Dkt. #1, pp.25 & 26.  By letter dated August 14, 2012, Ms. Jiminez advised plaintiff that

Commissioner Fischer has asked me to respond to your letter to him dated June 12, 2012 regarding removal of sex offender conditions.  I would note that you remain housed at Erie County Correctional Facility due to outstanding felony charges and are awaiting trial.

> You previously sent a letter referencing similar
> dissatisfaction with the conditions of release.  The conditions
> of your release were established by the Board of Parole
> following a review of your criminal, institutional, and social
> history.  You will be expected to comply with the imposed
> conditions of release upon your release from local custody.

* * *

Dkt. #25, p.21.

On August 21, 2012, plaintiff was convicted of 3rd degree grand larceny following a jury trial and sentenced as a second felony offender to an indeterminate sentence of  of 3½  to 7 years incarceration. Dkt. #18, ¶¶ 8-9.

Discussion and Analysis

**Injunctive Relief**

Plaintiff's complaint seeks relief from the sex offender conditions imposed upon him as special conditions of parole.  However, plaintiff's parole status has been revoked as a matter of law following his most recent felony conviction.  Executive Law 259-i(3)(d)(iii) & 9 N.Y.C.R.R. 8004.3(g).  As plaintiff is no longer subject to special conditions of parole, his request for injunctive relief is moot. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").  Should plaintiff be granted parole at some point in the future, and should parole officials impose similar conditions, plaintiff may seek review of those conditions through an article 78 petition or another action in this Court.

-8-

**Leave to Amend the Complaint -  Fed.R.Civ.P 15(a)**

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party.  Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile.  *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a).  "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  "Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted."  *W.R. Grace & Co. v. Zotos Int'l, Inc.*, 98-CV-838, 2000 WL 1843282 (W.D.N.Y. Nov. 2, 2000).  The decision to grant or deny a motion for leave to amend a pleading is within the discretion of the district court.  *Foman,* 371 U.S. at 182.

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  *Lucente v. Int'l Business Machines, Corp*., 310 F.3d 243, 258 (2d Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

-9-

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678.  Application of this standard is "a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.


Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a

pleading must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief."  This pleading standard "does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation."  *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555.  "A

pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of

a cause of action will not do.'"  *Id., quoting Twombly*, 550 U.S. at 555.


<u>Personal Involvement</u>

Plaintiff seeks to amend his complaint to assert a monetary claim for

damages against defendants Fischer, Evans and Scriven in their individual capacities

regarding the nature and extent of the conditions imposed and their relation to his

offenses.  Dkt. #12.


Defendants argue that the proposed amendment is futile because the

individual defendants lack personal involvement in the imposition of the special

conditions upon plaintiff and because the special conditions were reasonably related to

plaintiff's criminal history.  Dkt. #17-1, pp.10 & 14-16.

Plaintiff responds that defendants were personally involved because they were made aware of a constitutional violation by virtue of plaintiff's complaints, but failed to correct it.  Dkt. #24, pp.21-23.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.  *Iqbal*, 129 S.Ct. at 1948.  Thus, it is well settled that the personal involvement of defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983.  *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)*; Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060,1065 (2d Cir. 1989). Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created or permitted the continuation of a policy or custom under which unconstitutional practices occurred; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating unconstitutional acts were occurring.  *Colon*, 58 F.3d at 873.

In the instant case, plaintiff's complaint and amended complaint fails to allege any facts to suggest the personal involvement of NYSDOCCS' Commissioner Fischer,  Division of Parole Chairwoman Evans or  Division of Parole Bureau Chief

Scriven in the imposition of the special conditions of parole plaintiff challenges.  In his memorandum in opposition to defendants' motion to dismiss, plaintiff argues that Parole Bureau Chief Scriven failed to investigate plaintiff's complaints and that Commissioner Fischer and Chairwoman Evans failed to remedy the violation after receiving notice that unconstitutional acts were occurring.  Dkt. #24, pp.22-23.  More specifically, plaintiff argues that

> Mr. Fischer just pawned off the plaintiff's request for help to his Deputy Superintendent who only wrote the plaintiff back explaining why he was given the special conditions.  No real investigation was done in this case at all.  As far as Ms. Evans is concerned she never even wrote the plaintiff back.

Dkt. #24, p.23. The record before the Court suggests that plaintiff wrote letters to Commissioner Fischer expressing his opposition to the sex offender conditions imposed upon his  release and that Chief Scriven responded to one of those letters noting that those conditions were imposed by the Board of Parole due to plaintiff's conviction of sexual misconduct.  Dkt. #1, pp.21, 25 & 26.


Generally, however, "the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under § 1983." *Ward v. LeClaire*, No. 07-CV-6145, 2008 WL 3851831, at *3 (W.D.N.Y. Aug. 14, 2008) (collecting cases); *See Mateo v. Fischer*, 682 F. Supp.2d 423, 430 (S.D.N.Y. 2010) (collecting cases).  "[T]o allow a mere letter to an official to impose supervisory liability would permit an inmate to place liability on individuals who had no authority over the situation complained of merely by sending letters. *Johnson v. Wright*, 234 F. Supp.2d

352, 363 (S.D.N.Y. 2002); *see Walker v. Pataro*, No. 99CIV.4607, 2002 WL 664040, at

*12 (S.D.N.Y. April 23, 2002) ("if mere receipt of a letter or similar complaint were

enough, without more, to constitute personal involvement, it would result in liability

merely for being a supervisor, which is contrary to the black-letter law that § 1983 does

not impose *respondeat superior* liability."). Accordingly, plaintiff's motion to amend his

complaint to allege individual liability against defendants Fischer, Evans and Scriven is

denied for lack of plausible allegations of personal involvement.


**Leave to Add Defendants - Fed.R.Civ.P 21**

Plaintiff seeks to add Parole Officer Susanna Mattingly as a defendant in

this action and to seek damages against her for a violation of his procedural and

substantive due process rights and his right to association. Dkt. #24. In support of his

request, plaintiff argues that

> Parole Officer Mattingly was one of the Parole Officers that
> had given the plaintiff the sex offender conditions as well as
> one of the Parole Officers who has been telling prospective
> landlords that the plaintiff is a registered sex offender. She
> had also given the plaintiff the condition banning him from
> having any contact with Valerie Cole who is the plaintiff's
> wife.

Dkt. #24, p.19.


Defendants oppose plaintiff's request to add Susanna Mattingly as a

defendant on the ground that plaintiff failed to attach a proposed amended pleading to

his request and on the ground that plaintiff failed to include Ms. Mattingly in his prior

motion to amend despite his prior knowledge of her involvement. Dkt. #27.

Although Fed. R. Civ. P. 15(a) generally governs the amendment of complaints, where the proposed amendment seeks to add new defendants, Fed. R. Civ. P. 21 governs. *Rush v. Artuz*, 00CIV3436, 2001 WL 1313465, at *5 (S.D.N.Y. Oct. 26, 2001). Rule 21 states that "[p]arties may be . . . added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. "In deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Rush*, 2001 WL 1313465, at *5 (internal quotation omitted); *see Clarke v. Fonix Corp.,* 98 CIV 6116, 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999), *aff'd* 199 F.3d 1321 (2d Cir. 1999).

The Court cannot review plaintiff's request to amend his complaint to add Parole Officer Susanna Mattingly as a defendant because plaintiff has failed to provide the Court with a proposed amended complaint setting forth the factual allegations for such a claim. As set forth in Rule 15(a) of the Local Rules of Civil Procedure:

> A movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must be a complete pleading superseding the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.

Absent a proposed amended complaint alleging a factual basis for plaintiff's complaint against his parole officer, the Court is left with an understanding of the legal claim plaintiff seeks to raise, but no facts which would support such a claim. If, however, plaintiff can plausibly allege a factual basis to suggest that Parole Officer Susanna Mattingly imposed upon plaintiff conditions of release which were arbitrary and

capricious because they were not reasonably related to plaintiff's past conduct or designed to deter recidivism and prevent further offenses, plaintiff may move, within 60 days of the entry of this Decision and Order, to amend his complaint to add Parole Officer Susanna Mattingly as a defendant in this action.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction on the grounds of mootness following plaintiff's incarceration on an unrelated criminal conviction (Dkt. #9), is granted; plaintiff's motion to amend his complaint to allege individual liability against defendants Fischer, Evans and Scriven (Dkt. ##11 & 13), is denied; defendants' motion to dismiss the amended complaint (Dkt. #17), is granted; and plaintiff is granted permission to move, within 60 days of the entry of this Decision and Order, to amend the complaint to add Parole Officer Susanna Mattingly as a defendant in this action.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
            **September 30, 2013**

                                        _s/ H. Kenneth Schroeder, Jr._
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**