**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

───────────────────────────────

**ANGEL MALDONADO, 03-R-2519,**

                         **Plaintiff,**

        **-v-**                                     **11-CV-1091Sr**

**SUSANNA MATTINGLY**
**Parole Officer,**

                      **Defendant.**

───────────────────────────────

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment.  Dkt. #15.

Plaintiff commenced this action, *pro se*, pursuant to 42 U.S.C. § 1983, seeking to enjoin defendants from imposing sex offender conditions following his release on parole on May 28, 2009; February 24, 2010 and September 29, 2010.  Dkt. #1.  The third amended complaint alleges that the imposition of these sex offender conditions by Parole Officer Susanna Mattingly during his release on parole from September of 2010 through May of 2011 constituted a violation of the *ex post facto* clause of the United States Constitution; a violation of plaintiff's constitutional right to substantive and procedural due process; and a violation of plaintiff's First Amendment right to association.  Dkt. #52.  Plaintiff pled guilty to a misdemeanor charge of sexual misconduct on July 8, 1997; was found guilty of 1st degree scheme to defraud, 3rd

degree grand larceny, attempted petit larceny, compounding a crime, 2nd degree harassment, tampering with physical evidence, bribing a witness, criminal impersonation, aggravated harassment and 2nd degree bail jumping on April 25, 2003; and is serving an indeterminate sentence of  of 3½  to 7 years incarceration following his conviction of 3rd degree grand larceny on August 21, 2012.  Dkt. #18, ¶¶ 8-9 & Dkt. #28, pp.4 & 8.

Currently before the Court is defendant Susanna Mattingly's motion to dismiss the third amended complaint pursuant to Rule 37(b) of the Federal Rules of Civil Procedure as a sanction for plaintiff's refusal to answer deposition questions relating to his criminal convictions, parole violations, his relationship with Valerie Cole and his career as a musician.  Dkt. #54.  In the alternative, defendant requests that plaintiff be required to pay the costs of a second deposition and ordered to respond completely to her questions.  Dkt. #54.

Plaintiff opposes the motion on the ground that his responses to the Assistant Attorney General's questions could compromise his ability to defend himself should his pending criminal appeals prove successful and his ability to pursue a civil case against his former record label.  Dkt. #58, ¶¶ 16 & 19.  Plaintiff also argues that none of the questions at issue in this motion had any bearing on Susanna Mattingly's decision to impose the sex offender conditions to his parole in 2009 and 2010.  Dkt. #58, ¶ 16.  In the event that additional questioning is permitted, plaintiff asks the Court to order it to be conducted by video conference so that he is not forced to travel for

days in handcuffs.  Dkt. #58, ¶ 14.

> Rule 37(b) of the Federal Rules of Civil Procedure provides:
>
> (1) If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. . . .
>
> (2) If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.

It is clear, however, that a Case Management Order permitting the deposition of a person confined to prison is insufficient to justify dismissal of a complaint pursuant to Rule 37(b)(2).  *Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir. 1986).  Rather, the appropriate procedure is to seek an Order from the Court directing plaintiff to answer specified questions.  *Id.*

Rule 26(b) of the Federal Rules of Civil Procedure provides that discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Upon consideration of these factors and review of the deposition transcript, the Court finds no basis to compel plaintiff's response to the depositions questions at issue in this motion.  Specifically, the Court questions the

relevancy of plaintiff's testimony regarding his parole violations and 2012 criminal conviction to the question of whether it was appropriate to impose sex offender conditions upon plaintiff in 2009 and 2010.  To the extent that such information could be relevant to the claims asserted against Ms. Mattingly, the Court is confident that it can be proffered in a more reliable evidentiary form from sources that are readily available to the defendant.  Accordingly, defendant's motion (Dkt. #54), is denied.

      **SO ORDERED.**

**DATED:**      **Buffalo, New York**
                  **June 1, 2016**

                            *s/ H. Kenneth Schroeder, Jr.*
                            **H. KENNETH SCHROEDER, JR.**
                            **United States Magistrate Judge**