**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ANGEL MALDONADO, 03-R-2519,**

                    **Plaintiff,**

          **-v-**                                                    **11-CV-1091Sr**

**SUSANNA MATTINGLY**
**Parole Officer,**

                    **Defendant.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #15.

By Decision and Order entered November 6, 2019, the Court granted defendant Susanna Mattingly's motion for summary judgment except with respect to plaintiff's claim that the special conditions of parole imposed upon him by P.O. Mattingly prevented him from contact with his children between February 24, 2010 and March 16, 2010 in violation of his constitutional right to substantive due process and his claim that he was prevented from attending religious services between February 24, 2010 and March 16, 2010, in violation of his constitutional right to religious freedom. Dkt. #86.

Currently before the Court is defendant's motion for reconsideration. Dkt. #87. In support of the motion, P.O. Mattingly argues that plaintiff's deposition testimony

limited his claims to the time period between September, 2010 and May, 2011. Dkt. #87-1, p.2. Defendant argues that this constitutes a mistake of fact as set forth in Rule 60(b)(1) of the Federal Rules of Civil Procedure. Dkt. #87-1, p.2.

"It is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment . . . ." *In re U.S.*, 733 F.2d 10, 13 (2d Cir. 1984).  However, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "should not be granted where the moving party seeks solely to re-litigate an issue already decided." *Id.*  Stated another way, a motion for reconsideration should be granted only when the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Rule 60(b)(1) of the Federal Rules of Civil Procedure specifically provides that a court may relieve a party from an order based upon mistake, inadvertence, surprise or excusable neglect.

Defendant's motion for summary judgment argued that she had no personal involvement in the implementation of plaintiff's conditions of parole during his release from September 20, 2010 through his arrest on violation of those conditions in

May of 2011. Dkt. #78-1, pp.5-6.  However, plaintiff's third amended complaint identifies February 24, 2010 as the date of the incident supporting his claims. Dkt. #52-2, pp.5-7. Plaintiff's second amended complaint identifies February 24, 2010 (as well as September 29, 2011), as the date of the incident supporting his claims. Dkt. #34, pp.24 & 26. Plaintiff's amended complaint identifies February 24, 2010 as the date of the incident supporting his claims. Dkt. #12, p.5. Plaintiff's initial complaint identifies special conditions of parole imposed upon him originally on May 28, 2009 and renewed on February 24, 2010 and September 29, 2010. Dkt. #1, pp. 8, 11 & 16. Thus, every complaint has asserted February 24, 2010 as relevant to plaintiff's claims.

Plaintiff was granted permission to file his third amended complaint on September 23, 2010 and, in fact, the third amended complaint was filed on October 7, 2015, one day before plaintiff's deposition on October 8, 2015. At plaintiff's deposition, however, the Assistant Attorney General ("AAG"), asked plaintiff whether it was correct that plaintiff's lawsuit was about the period of time between September of 2010 and May of 2011 when he was subjected to illegal terms and conditions of parole. Dkt. #78-1, p.5. Plaintiff responded affirmatively. Dkt. #78-1, p.5. Plaintiff also agreed that he was complaining that P.O. Mattingly imposed the special conditions which restricted his liberty during this time period. Dkt. #78-1, p.5.

In reliance upon this exchange, defendant argued that she was entitled to summary judgment because she was not involved in the implementation of plaintiff's conditions of parole for his release on September 29, 2010. Dkt. #78-1, pp.5-6. In response, plaintiff argued that he advised the AAG and the AAG acknowledged that

plaintiff was being deposed without the benefit of his legal papers, which he had not yet

received following his transfer to the facility where the deposition was taking place. Dkt.

#80-1, pp.37-38.

In light of the clarity and consistency with which plaintiff identified

February 24, 2010 as the relevant date for his claims, it would be manifestly unfair to

preclude plaintiff from pursuing his claims because the New York State Department of

Corrections and Community Supervision ("NYSDOCCS"), was unable to transfer his

personal property with him to the location of his deposition so that he could refresh his

recollection at his deposition. Defendant has identified no prejudice from her reliance

upon plaintiff's inability to recall February 24, 2010 rather than September 29, 2010 as

the relevant date and the Court notes that the terms and conditions of parole imposed

upon his release on September 29, 2010 were the same terms and conditions imposed

upon plaintiff upon his release on February 24, 2010, both of which were the

consequence of defendant's recommendation that plaintiff be designated as a

Discretionary Sex Offender ("DSO").  Defendant's motion for reconsideration is,

therefore, denied.

**SO ORDERED.**

**DATED:**      **Buffalo, New York**
             **September 30, 2020**

                                      s/ H. Kenneth Schroeder, Jr.
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**